IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

_____

| | | |
|---|---|---|
| JEREMY RASKIEWICZ, | ) | Cause No. CV 08-160-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MONTANA STATE PRISON WARDEN; | ) | |
| ATTORNEY GENERAL OF THE STATE | ) | |
| OF MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

_____

On November 12, 2008, Petitioner Jeremy Raskiewicz moved to proceed in forma pauperis with this action for writ of habeas corpus under 28 U.S.C. § 2254.  The motion was granted in a separate Order.  Raskiewicz is a state prisoner proceeding pro se.

On November 17, 2008, Raskiewicz was ordered to show cause why his petition should not be dismissed with prejudice as time-barred and as procedurally barred.  He responded on November 25, 2008.  See Resp. to Order (doc. 6) at 1 ("pg. 1 of 1: two part brief for Order from 11/17/08").

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 1

**I. Preliminary Screening**

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires courts to examine the petition before ordering the respondent to file an answer or any other pleading. The petition must be summarily dismissed "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Id. If summary dismissal is not warranted, the judge must order the respondent to file an answer, motion, or other response or "to take other action the judge may order." Id.

**II. Background**

Raskiewicz pled guilty to assault with a weapon in Montana's Eleventh Judicial District Court, Flathead County. He was sentenced to serve twenty years in prison, with twelve suspended. Judgment was entered on December 15, 2005. See Pet. (doc. 2) at 3 ¶¶ 1-5. He did not appeal. See id. at 3 ¶ 8. Although he filed a petition for postconviction relief in the trial court, he did not appeal its adverse determination. See id. at 4 ¶¶ 11-12.

On July 21, 2008, Raskiewicz filed a document titled "Motion to Overrule Current Conviction and Immediate Unprohibited Freedom Granted." The document was construed as a habeas petition. Raskiewicz was given an opportunity to file an amended petition, to name the correct Respondent, and either to pay the filing fee or move to proceed in forma pauperis. See Order at 2-3 ¶¶ 2-3, Raskiewicz v. United States District Court, No. CV 08-104-M-DWM-JCL (D. Mont. July 24, 2008). On August 5, 2008, Raskiewicz voluntarily dismissed his case, stating that he would exhaust his state remedies first. See Notice and Request (doc. 6) at 1, Raskiewicz, No. CV 08-104-M (D. Mont. Aug. 5, 2008).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 2

Raskiewicz signed his federal habeas petition and deposited it in the prison mail system on November 12, 2008.  See Pet. at 7, Pet'r Decl. ¶ C; Houston v. Lack, 487 U.S. 266, 270-71 (1988) (establishing prison mailbox rule).

**III. Raskiewicz's Allegations**

Raskiewicz contends, first, that his sentence violates the Eighth Amendment's proscription against cruel and unusual punishment because it is not commensurate with sentences imposed on other offenders.  He cites the Department of Corrections website.  See Pet. at 4 ¶ 15A.

Second, Raskiewicz asserts that his Sixth Amendment right to be informed of the nature and cause of the accusation against him was violated because he was not given a transcript of any victim or witness statements.  He concludes that he was unable to challenge the accusation, the evidence in support of it, or the credibility of the witnesses and victim.  See id. at 5 ¶ 15B.

Finally, Raskiewicz claims that the Eighth Amendment proscription against cruel and unusual punishment was violated because a cast-iron frying pan was not present at the scene of the crime on March 24, 2005, and did not appear there until after he was incarcerated, on March 25, 2005.  See id. at 5 ¶ 15C.

**IV. Analysis**

Raskiewicz's claims are barred by the doctrine of procedural default and procedural bar.  The issue of procedural default may be raised in a court's preliminary screening "when the default is obvious from the face of the petition and when recognizing the default would 'further the interests of comity, federalism, and judicial efficiency.'"  Vang v. State of Nevada, 329 F.3d 1069, 1073 (9th Cir. 2003) (quoting Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998)).

Here, procedural default is clear on the face of the petition.  Raskiewicz states that he did not appeal his conviction or sentence.  See Pet. at 4 ¶ 8.  It is unlikely, though the Court does not at this time rely on this point, that he timely filed his petition for postconviction relief.  See Mont. Code Ann. § 46-21-102(1)(a).  Moreover, each of his claims could have been raised on direct appeal and so are not permitted to go forward in state court.  See id. § 105(2).

Under most circumstances, claims that are procedurally barred from going forward in state court also cannot be raised in federal court.  The state's procedural bars are generally adequate and independent grounds for declining to grant relief and are not subject to federal review.  See Harris v. Reed, 489 U.S. 255, 263 (1989).  In such cases, a petitioner is said to have procedurally defaulted on his claims for relief, and his case cannot be considered by a federal court.

However, there are exceptions to the general rule of dismissal for procedural default.  Once a procedural default is found to exist, "federal habeas review of the claims is barred *unless* the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman v. Thompson, 501 U.S. 722, 750 (1991) (emphasis added).  Accordingly, before this Court can review his claims, Raskiewicz must show EITHER (1) cause, and (2) prejudice; OR he must show that this Court's failure to consider his claims would result in a fundamental miscarriage of justice.

Raskiewicz was duly advised that, in response to the Court's Order to Show Cause, he could explain why the Court's analysis was wrong.  See Order to Show Cause (doc. 5) at 5.  He was also advised that "cause" must be a legitimate excuse for the procedural default in the state courts.  See

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 4

Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991).  "A showing of cause [for procedural default] 'must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded [petitioner's] efforts to comply with the State's procedural rule.'"  Poland v. Stewart, 117 F.3d 1094, 1105 (9th Cir. 1997) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)).  Additionally, if the proffered cause itself states a claim for a constitutional violation, it must have been presented to the state courts either as an independent ground for relief from the conviction or sentence or at least as an excuse for the petitioner's failure to follow the state rules.  See Edwards v. Carpenter, 529 U.S. 446, 451-53 (2000).  "Prejudice" must be actual harm resulting from the constitutional violation alleged as grounds for relief in the petition.  Thomas, 945 F.2d at 1123.

As an alternative to showing both cause and prejudice, the "fundamental miscarriage of justice" exception requires a petitioner to show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" if the errors of which he complains had not been committed.  Schlup v. Delo, 513 U.S. 298, 327 (1995); see also Majoy v. Roe, 296 F.3d 770 (9th Cir. 2002).  This exception is commonly called the "actual innocence" exception.  It rarely applies.  See generally Order to Show Cause at 5-7.

In his response to the Order, Raskiewicz relies on the actual innocence exception:

> No reasonable juror would/could have found m[e] guilty beyond a reasonable doubt; because of the evidence tampering and/or construction against me.
> This [is] because on 3/24/05 I was at the place now believed to be the crime scene, with the Sheriff, Deputy Detectives Walsh and Fulton, and that then there wasn't anything indicating how, or that, the crime occurred there.
> The fry pan with flesh and blood on it would have [sic].  No one said it was there.  I was released from custody.
> 3/25/05 the fry pan appeared there before, or during, the Detectives' next visit.
> "Then who put it there?" one might ask.  I was in jail, so it wasn't me, but,

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 5

it is interesting how it appeared <u>after</u> my conversing with informants in the "drunk tank" holding cell through the night.

I spoke it into existence with these informants apparently.

Now let's unspeak it please, as manufacturing evidence to convict me is a cruel act and very un-constitutional.

Resp. to Order at 1.

In order to meet the <u>Schlup</u> standard with this argument, Raskiewicz must show that no reasonable juror would have convicted him unless the fry pan itself was introduced into evidence at trial. But he traces the fry pan's appearance to his own words. The informants in the "drunk tank" – to say nothing of the victim, <u>see</u> Pet. at 5 ¶ 15B – could have "spoken it into existence" in the courtroom. And once he knew the fry pan was available to be used in evidence against him, he pled guilty.[1] If he was innocent and knew nothing about the fry pan, he could not have said anything about it in the drunk tank. If he knew the fry pan was used to commit the assault but did not do it himself, a reasonable juror still could have found him guilty based on his statements in the drunk tank, even without the discovery of the fry pan. If he means merely that he should have presented his current argument to a jury, he cannot show that only an unreasonable juror could fail to believe it.

Raskiewicz's claim that police planted evidence does not amount to "evidence of innocence so strong that a court cannot have confidence" in his guilty plea. <u>Schlup</u>, 513 U.S. at 316. His

---

[1] A guilty plea does not necessarily preclude a showing of actual innocence. <u>See, e.g.</u>, <u>Smith v. Baldwin</u>, 510 F.3d 1127, 1140 n.9 (9th Cir. 2007) (en banc). A defendant might plead guilty for reasons other than actual guilt. <u>See, e.g.</u> <u>North Carolina v. Alford</u>, 400 U.S. 25, 37 (1970). At the same time, judges are not required to accept *nolo contendere* or *Alford* pleas, <u>see id.</u> at 38 n.11; Mont. Code Ann. § 46-12-204(1), (4) (2003), so a plea of guilty is not necessarily, on its face, an admission of "actual guilt." Every guilty plea, however, must be supported by a factual basis. <u>See</u> Mont. Code Ann. § 46-12-212(1), (2) (2003). For that reason, the fact that a defendant pled guilty may be considered in determining whether he has made a showing of actual innocence. "In assessing the adequacy of petitioner's showing . . . the district court is not bound by the rules of admissibility that would govern at trial." <u>Schlup</u>, 513 U.S. at 327.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 6

petition should be dismissed with prejudice as procedurally defaulted without excuse.

## V. Certificate of Appealability

### A. Governing Law

Pursuant to 28 U.S.C. § 2253(c), "[a] certificate of appealability ['COA'] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  See Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). The standard of a "substantial showing" can be satisfied on an issue-by-issue basis.  Lambright, 220 F.3d at 1024 (citing 28 U.S.C. § 2253(c)(3)).

> [I]n order to make a substantial showing of the denial of a federal right a petitioner . . . "must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are 'adequate to deserve encouragement to proceed further.'"

Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).  See also Slack v. McDaniel, 529 U.S. 473, 484 (2000) (petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."). Any doubt as to whether a petitioner has met the standard is resolved in his favor. Lambright, 220 F.3d at 1025.  The Court must "state why a certificate should not issue."  Fed. R. App. P. 22(b)(1) (emphasis added).

Where, as here, the district court dismisses a claim on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Lambright, 220 F.3d at 1026 (quoting Slack, 529 U.S. at 484).

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 7

**B. Discussion**

Reasonable jurists would not find that Raskiewicz's first two claims are valid.  His first claim fails because a twenty-year sentence for assault with a weapon, especially with twelve of those years suspended, is neither cruel nor unusual.  As to his second claim, no federal law entitles him to transcripts of victim or witness statements.  Regardless of the procedural default ruling, a COA is not warranted on the first two claims.

Reasonable jurists could find that Raskiewicz's third claim, if true, shows a due process violation.  The procedural default ruling, however, is clear.  Raskiewicz says that his own words caused the police to plant an item of evidence.  His words would have been just as incriminating as the evidence itself.  He cannot show that no reasonable juror could have found him guilty beyond a reasonable doubt if only police had not "manufactured" the "fry pan with flesh and blood on it." Raskiewicz pled guilty and did not challenge his conviction in the state courts, either on direct appeal or in postconviction proceedings, yet now claims that the police planted an item of evidence.  There is no reason to encourage further proceedings.  A COA is not warranted.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1.  The Petition (doc. 2) should be DISMISSED WITH PREJUDICE as procedurally defaulted without excuse.

2.  The Clerk of Court should be directed to enter by separate document a judgment in favor of Respondents and against Raskiewicz.

3.  A certificate of appealability should be DENIED.

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 8

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this

Findings and Recommendations within ten (10) business days of the date entered as indicated on the

Notice of Electronic Filing.  A district judge will make a de novo determination of those portions

of the Findings and Recommendations to which objection is made.  The district judge may accept,

reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file

written objections may bar a de novo determination by the district judge.

Raskiewicz must immediately inform the Court of any change in his mailing address.

DATED this 26th day of November, 2008.


 /s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

FINDINGS AND RECOMMENDATION
OF U.S. MAGISTRATE JUDGE / PAGE 9