

FILED

DEC 10 2008

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| JEREMY RASKIEWICZ, | ) | CV 08-160-M-DWM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| MONTANA STATE PRISON WARDEN; | ) | |
| ATTORNEY GENERAL OF THE STATE | ) | |
| OF MONTANA | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

United States Magistrate Judge Jeremiah C. Lynch entered
Findings and Recommendation in this matter on November 26, 2008.
Judge Lynch recommended dismissing Raskiewicz's petition for a
writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.
Petitioner timely objected on December 5, 2008.  Petitioner
therefore is entitled to <u>de novo</u> review of those portions of the
Findings and Recommendation to which he objected.  28 U.S.C. §
636(b)(1).  The portions of the Findings and Recommendation not
specifically objected to will be reviewed for clear error.
<u>McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.</u>, 656 F.2d

-1-

1309, 1313 (9th Cir. 1981).

Raskiewicz raised three claims in his petition challenging his Montana conviction for assault with a weapon: (1) that his sentence violated the Eighth Amendment because it is unduly harsh; (2) that he was entitled to transcripts of witness and victim statements; and (3) that the only evidence against him, a frying pan found at the crime scene, was planted.  On November 17, 2008 Raskiewicz was ordered to show cause why his petition should not be dismissed as time-barred and procedurally barred. He responded that he is actually innocent, and no reasonable juror could have convicted him beyond a reasonable doubt, but for the evidence he alleges was falsely used against him.  See Schlup v. Delo, 513 U.S. 298 (1995) (setting forth actual innocence exception to procedural default).  Judge Lynch found there was no merit to his claim of actual innocence, so Raskiewicz should be barred from proceeding with his petition.  Raskiewicz objects to this finding.

I agree with Judge Lynch that Raskiewicz's petition is both time-barred and procedurally barred because Raskiewicz has not met the actual innocence exception.  The frying pan, which he alleges was planted, was not used against him at trial because he pled guilty to the charges.  In addition, as Judge Lynch points out, Raskiewicz claims the frying pan was placed at the crime scene in response to his own statements about it, statements he

-2-

could not have made if he were innocent of the crime. His argument is illogical, and a reasonable juror could have heard his argument the evidence was planted and still convicted him. Raskiewicz has not met the standard for actual innocence set forth in Schlup.

Raskiewicz also objects to Judge Lynch's findings that the other claims do not present valid claims, and, therefore, a certificate of appealability should be denied. He claims his sentence of twenty years, with twelve years suspended, for assault with a weapon is cruel and unusual punishment. I agree with Judge Lynch that this sentence is neither cruel nor unusual. Further, no federal law entitled Raskiewicz to receive transcripts of victim and witness statements. There is no merit to these claims, and Raskiewicz does not point to any authority to show the claims have merit. Judge Lynch correctly found that the certificate of appealability should be denied.

I find no clear error in Judge Lynch's remaining findings and recommendations. Accordingly,

IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #7) are adopted in full. The Petition (dkt #2) is DISMISSED WITH PREJUDICE.

The Clerk of Court is directed to enter, by separate document, a judgment in favor of Respondents and against Raskiewicz.

The Clerk of Court is further directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

Dated this __10__ day of December, 2008.

_____
Donald W. Molloy, District Judge
United States District Court

-4-